UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MOSSON,

        Petitioner,                       Civil Action No.13-14357
                                              Hon. George Caram Steeh

v.

BENNY NAPOLEON,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

      This is a habeas corpus proceeding filed by petitioner Keith Mosson. Petitioner claims that he has been incarcerated at the Wayne County Jail in Detroit, Michigan, for six months awaiting trial on charges of armed robbery, extortion, unlawful imprisonment, and first-degree home invasion. Petitioner claims that: (1) he was illegally arrested without a warrant; (2) he was denied counsel before being interviewed by the police; (3) he was held in custody without a probable cause determination; (4) the prosecutor presented perjured testimony at the preliminary examination; (5) his retained attorney provided ineffective assistance of counsel; and (6) the trial judge is biased against him. Because petitioner has not exhausted his state court remedies, the Court dismisses the petition without prejudice.

**A. Discussion**

      Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibitsannexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. See Rule 1(b), Rules Governing Section 2254 Cases. The claims presented in the instant habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." Prather v. Rees, 822 F.2d 1418 (6th Cir. 1987). Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. O'Sullivan, 526 U.S. at 842. The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." Id. State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's claims may be resolved in the pending state court criminal proceeding or on appeal. Petitioner, therefore, must await resolution of his claims on state court appeal before he can file a habeas corpus petition. Accord Campbell v. Zych, No. 08-14804, 2009 U.S. Dist. LEXIS 10353, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily

-2-

dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); Jenkins v. Montgomery County Jail, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." Urquhart v. Brown, 205 U.S. 179, 182 (1907); Smith v. Evans, No. 08-11188, 2008 U.S. Dist. LEXIS 25394, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

## B. Conclusion

WHEREFORE, it is hereby ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: October 22, 2013

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 22, 2013, by electronic and/or ordinary mail and also on Keith Mosson #2013008241, Wayne County Jail - Division 1, 570 Clinton Street, Detroit, MI 48226.

s/Barbara Radke
Deputy Clerk